IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTHONY CAIRNS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | FILE No. |
| RIDGELEA COMPLEX MANAGEMENT | ) | |
| INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW, ANTHONY CAIRNS, by and through the undersigned counsel, and files this, his Complaint against Defendant, RIDGELEA COMPLEX MANAGEMENT INC., pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG").  In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1.      This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendant's RIDGELEA COMPLEX MANAGEMENT INC., failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2.      Plaintiff ANTHONY CAIRNS (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Dallas, Texas (Denton County).

3.      Plaintiff is disabled as defined by the ADA.

1

4.      Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5.      Plaintiff uses a wheelchair for mobility purposes.

6.      Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA.  His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to the Property as soon as it is accessible ("Advocacy Purposes").

7.      Defendant, RIDGELEA COMPLEX MANAGEMENT INC. (hereinafter "RIDGELEA COMPLEX MANAGEMENT INC.") is a Texas company that transacts business in the State of Texas and within this judicial district.

8.      Defendant, RIDGELEA COMPLEX MANAGEMENT INC., may be properly served with process via service, to wit: 5800 Maple Avenue, Dallas, TX  75235.

## FACTUAL ALLEGATIONS

9.      On or about July 12, 2019, Plaintiff was a customer at "Lee's Donuts," a business located at 18613 Marsh Lane, Dallas, TX  75287, referenced herein as "Lee's Donuts".

10.     Plaintiff lives 2 miles away from the Property.

11.     RIDGELEA COMPLEX MANAGEMENT INC. is the owner or co-owner of the real property and improvements that Lee's Donuts is situated upon and that is the subject of this

action, referenced herein as the "Property."

12.     Plaintiff's access to the business(es) located at 18613 Marsh Lane, Dallas, TX 75287, Dallas County Property Appraiser's parcel number 117166 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendant, RIDGELEA COMPLEX MANAGEMENT INC., is compelled to remove the physical barriers to access and correct the ADA violations that exist at Lee's Donuts and the Property, including those set forth in this Complaint.

13.     Plaintiff has visited Lee's Donuts and the Property at least once before as a customer and advocate for the disabled.  Plaintiff intends on revisiting Lee's Donuts and the Property within six months or sooner, as soon as the barriers to access detailed in this Complaint are removed and Lee's Donuts and the Property are accessible again.  The purpose of the revisit is to be a regular customer, to determine if and when Lee's Donuts and the Property are made accessible and to maintain standing for this lawsuit for Advocacy Purposes.

14.     Plaintiff intends on revisiting Lee's Donuts and the Property to purchase goods and/or services as a regular customer living only 2 miles from the Property as well as for Advocacy Purposes, but does not intend to re-expose himself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

15.     Plaintiff travelled to Lee's Donuts and the Property as a customer and as an independent advocate for the disabled, encountered the barriers to access Lee's Donuts and the Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal

injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access

present at Lee's Donuts and the Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

16.     On July 26, 1990, Congress enacted the Americans with Disabilities Act 42

U.S.C. § 12101 *et seq.*

17.     Congress found, among other things, that:

(i)      some 43,000,000 Americans have one or more physical or mental
         disabilities, and this number is increasing as the population as a whole is
         growing older;

(ii)     historically, society has tended to isolate and segregate individuals with
         disabilities, and, despite some improvements, such forms of discrimination
         against individuals with disabilities continue to be a serious and pervasive
         social problem;

(iii)    discrimination against individuals with disabilities persists in such critical
         areas as employment, housing public accommodations, education,
         transportation, communication, recreation, institutionalization, health
         services, voting, and access to public services;

(iv)     individuals with disabilities continually encounter various forms of
         discrimination, including outright intentional exclusion, the discriminatory
         effects of architectural, transportation, and communication barriers,
         overprotective rules and policies, failure to make modifications to existing
         facilities and practices, exclusionary qualification standards and criteria,
         segregation, and relegation to lesser service, programs, activities, benefits,
         jobs, or other opportunities; and

(v)      the continuing existence of unfair and unnecessary discrimination and
         prejudice denies people with disabilities the opportunity to compete on an
         equal basis and to pursue those opportunities for which our free society is
         justifiably famous, and costs the United States billions of dollars in
         unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

18.     Congress explicitly stated that the purpose of the ADA was to:

(i)      provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)     provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

* * * * *

(iv)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

19.      The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

20.      The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

21.      Lee's Donuts is a public accommodation and service establishment.

22.      The Property is a public accommodation and service establishment.

23.      Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

24.      Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq*.; 28 C.F.R. § 36.508(a).

25.      Lee's Donuts must be, but is not, in compliance with the ADA and ADAAG.

26.      The Property must be, but is not, in compliance with the ADA and ADAAG.

27.      Plaintiff has attempted to, and has to the extent possible, accessed Lee's Donuts

and the Property in his capacity as a customer of Lee's Donuts and the Property and as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at Lee's Donuts and the Property that preclude and/or limit his access to Lee's Donuts and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

28.     Plaintiff intends to visit Lee's Donuts and the Property again in the very near future as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at Lee's Donuts and the Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at Lee's Donuts and the Property that preclude and/or limit his access to Lee's Donuts and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

29.     Defendant, RIDGELEA COMPLEX MANAGEMENT INC., have discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of Lee's Donuts and the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

30.     Defendant, RIDGELEA COMPLEX MANAGEMENT INC., will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant, RIDGELEA

COMPLEX MANAGEMENT INC., is compelled to remove all physical barriers that exist at Lee's Donuts and the Property, including those specifically set forth herein, and make Lee's Donuts and the Property accessible to and usable by Plaintiff and other persons with disabilities.

31.     A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced, observed and/or was made aware of that precluded and/or limited Plaintiff's access to Lee's Donuts and the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of Lee's Donuts and the Property include, but are not limited to:

**ACCESSIBLE ELEMENTS:**

(i)     Near Unit 400, the access aisle to the accessible parking space is not level due to the presence of an accessible ramp in the access aisle in violation of Section 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(ii)    Near Unit 400, the accessible parking space is missing a proper identification sign in violation of Section 502.6 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(iii)   Near Unit 400, the accessible ramp side flares have a slope in excess of 1:10 in violation of Section 406.3 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(iv)    There are two accessible parking spaces, located across the vehicular way from Unit 400, that are not located on the shortest distance to the accessible route leading to the accessible entrances in violation of Section 208.3.1 of the 2010

ADAAG Standards. This violation made it difficult for Plaintiff to access the units of the Property.

(v)     There are two accessible parking spaces, located across the vehicular way from Unit 400, that are missing proper identification signs in violation of Section 502.6 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(vi)    Near Units 200 and 300, due to a policy of not having parking stops for the parking spaces directly in front of the exterior access route, cars routinely pull up all the way to the curb and the "nose" of the vehicle extends into the access route, when coupled with the presence of a nearby curb and the policy of Defendant to place signs and buckets in the exterior accessible route, causing the exterior access route to routinely have clear widths below the minimum thirty-six (36") inch requirement specified by Section 403.5.1 of the 2010 ADAAG Standards. This violation made it dangerous and difficult for Plaintiff to access exterior public features of the Property.

(vii)   Near Units 200 and 300, due to a policy of not having parking stops for the parking spaces directly in front of the exterior access route, cars routinely pull up all the way to the curb and the "nose" of the vehicle extends into the access route as a result, in violation of Section 502.7 of the 2010 ADAAG Standards, parking spaces are not properly designed so that parked cars and vans cannot obstruct the required clear width of adjacent accessible routes.

(viii)  Near Lee's Doughnuts, due to a policy of placing buckets in the accessible route, there are publicly accessible areas of the Property having accessible routes with

8

clear widths below the minimum 36 (thirty-six) inch requirement as required by Section 403.5.1 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access exterior public features of the Property.

(ix)     For all of the units of the Property, there is a doorway threshold with a vertical rise in excess of 1 inch and does not contain a bevel with a maximum slope of 1:2 in violation of Section 404.2.5 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the interior of the Property.

(x)      The doorway of the accessible entrances are not level in violation of section 404.2.4.4 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access the units of the Property.

(xi)     Due to the accessible barriers present at the accessible entrances, the accessible entrances of the Property lacks at least one accessible route provided within the site to the public streets and sidewalks in violation of section 206.2.1 of the 2010 ADAAG standards.

(xii)    The Property lacks signage identified by the International Symbol of Accessibility that indicates the location of the nearest entrance complying with section 404 of the 2010 ADAAG standards, if such an entrance exists. This policy decision by Defendant(s) violates section 216.6 of the 2010 ADAAG Standards. This violation made it difficult for Plaintiff to find an accessible entrance.

(xiii)   There is not at least one accessible entrance to each tenant space in the building that complies with section 404 of the 2010 ADAAG standards which is a violation of section 206.4.5 of the 2010 ADAAG Standards.

(xiv)   Defendant fails to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

32.     The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at Lee's Donuts and the Property.

33.     Plaintiff requires an inspection of Lee's Donuts and the Property in order to determine all of the discriminatory conditions present at Lee's Donuts and the Property in violation of the ADA.

34.     The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

35.      All of the violations alleged herein are readily achievable to modify to bring Lee's Donuts and the Property into compliance with the ADA.

36.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Lee's Donuts and the Property is readily achievable because the nature and cost of the modifications are relatively low.

37.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Lee's Donuts and the Property is readily achievable because Defendant, RIDGELEA COMPLEX MANAGEMENT INC., have the financial resources to make the necessary modifications.

38.     Upon information and good faith belief, Lee's Donuts and the Property have been altered since 2010.

39.     In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG

standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

40.     Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant, RIDGELEA COMPLEX MANAGEMENT INC., is required to remove the physical barriers, dangerous conditions and ADA violations that exist at Lee's Donuts and the Property, including those alleged herein.

41.     Plaintiff's requested relief serves the public interest.

42.     The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendant, RIDGELEA COMPLEX MANAGEMENT INC.

43.     Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendant, RIDGELEA COMPLEX MANAGEMENT INC., pursuant to 42 U.S.C. §§ 12188 and 12205.

44.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendant, RIDGELEA COMPLEX MANAGEMENT INC., to modify Lee's Donuts and the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)     That the Court find Defendant, RIDGELEA COMPLEX MANAGEMENT INC., in violation of the ADA and ADAAG;

(b)     That the Court issue a permanent injunction enjoining Defendant, RIDGELEA COMPLEX MANAGEMENT INC., from continuing their discriminatory practices;

(c)     That the Court issue an Order requiring Defendant, RIDGELEA COMPLEX MANAGEMENT INC., to (i) remove the physical barriers to access and (ii) alter the subject Lee's Donuts and the Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(d)     That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(e)     That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: August 5, 2019.

Respectfully submitted,

Law Offices of
THE SCHAPIRO LAW GROUP, P.L.

/s/  Douglas S. Schapiro
Douglas S. Schapiro, Esq.
Northern District of Texas ID No. 54538FL
*Attorney-in-Charge of Plaintiff*
The Schapiro Law Group, P.L.
7301-A W. Palmetto Park Rd., #100A
Boca Raton, FL 33433
Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com

Law Offices of
LIPPE & ASSOCIATES

/s/  Emil Lippe, Jr.
Emil Lippe, Jr., Esq.
State Bar No. 12398300
Lippe & Associates
12222 Merit Drive, Suite 1200
Dallas, TX 75251
Tel: (214) 855-1850
Fax: (214) 720-6074
emil@texaslaw.com

ATTORNEYS FOR PLAINTIFF
ANTHONY CAIRNS